UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   DOCKET NO:
FRANK NEVADA and KATHRYN NEVADA,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and DETECTIVE "JOHN"
MARRONE, Police Officers "JOHN DOE 1, 2, &3,"

**COMPLAINT**

CV 12-3417
WEINSTEIN, J.
GO, M.J.

**JURY TRIAL DEMANDED**

                              Defendants.
------------------------------------------------------------------------X

      Plaintiffs by their attorneys, STEPHEN R. KRAWITZ, LLC, as and for their Verified Complaint, respectfully alleges, upon information and belief:

      1.     The plaintiff, FRANK NEVADA at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

      2.     The plaintiff, KATHRYN NEVADA at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

      3.     At all times herein mentioned, defendant THE CITY OF NEW YORK, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

      4.     At all times herein mentioned, defendant THE NEW YORK CITY POLICE DEPARTMENT, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

      5.     The defendant DETECTIVE "JOHN" MARRONE, at all times herein mentioned

was and still is a resident of the State of New York.

6. The defendants "JOHN DOE" 1, 2, & 3 were employees of the CITY OF NEW YORK.

7. The defendants "JOHN DOE 1, 2, & 3 at all times mentioned were and still are residents of the State of New York.

8. This action is brought pursuant to 42 U.S.C. Section 1983 therefore venue is proper.

9 That on or about February 10, 2011, Plaintiff FRANK NEVADA was lawfully inside his apartment located at 8200 Shore Front Parkway, Apt. 1T Far Rockaway, NY, when members of THE NEW YORK CITY POLICE DEPARTMENT, came banging on the plaintiffs' apartment looking for a person know as Antonio Tofalli, the son of plaintiff's wife. Plaintiff advised DETECTIVE "JOHN" MARRONE that Antonio Tofalli did not live at plaintiffs' apartment and had not lived there for to least a year, and might be living with his father in long Island.

8. That on or about February 10, 2011 members of THE NEW YORK CITY POLICE DEPARTMENT asked the plaintiff to step out into the hallway. The plaintiff complied, words were exchanged and members of THE NEW YORK CITY POLICE DEPARTMENT struck plaintiff in the head and about the body without provocation or justification. Detective "JOHN" MARRONE then appeared on the scene and arrested plaintiff.

9. The defendants servants, agents and/or employees proceeded to arrest the plaintiff's, handcuffing him and putting his legs into shackled. Plaintiff was then charged with disorderly conduct.

10. That on or about February 10, 2011, defendant DETECTIVE "JOHN" MARRONE, was an employee of the defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT and was assigned to maintain, supervise, assist and patrol the City for the good and safety of the public.

11. That on or about February 10, 2011, Police Officers "JOHN DOE" 1, 2 & 3 were employees of the defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT and were assigned to maintain, supervise, assist and patrol the City for the good and safety of the public.

12. Defendants and/or their agents, servants and employees at all times herein alleged were acting under the color of governmental authority.

13. The plaintiff was assaulted by the defendants herein under the color of governmental authority.

14. The Plaintiff's civil rights were abridged and violated by the defendants in that they assaulted him and failed to protect him against physical assaults and others, all under the governmental authority.

15. That the plaintiff was not guilty of any culpable conduct which led or contributed to the actions of the defendants herein in any manner whatsoever.

16. The plaintiff FRANK NEVADA was negligently pushed, shoved, beaten and assaulted and subject to excessive force without any provocation or justification.

17. That as a direct and proximate result of defendants' negligent, careless and reckless conduct, plaintiff was caused to sustain serous injuries and to have suffered severe pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result

of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a further result, plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

18. That because of the above stated, plaintiff FRANK NEVADA was damaged in an amount exceeding the minimal jurisdictional limits of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff KATHRYN NEVADA repeats and realleges each and every allegation contained in paragraphs numbered "1" through "18" of the Complaint as if fully set forth at length herein.

20. At all times herein mentioned, plaintiff KATHRYN NEVADA was the lawfully wedded spouse of plaintiff FRANK NEVADA, and as such, was entitled to the services, earnings, consortium and society of FRANK NEVADA.

21. As a result of this accident, this plaintiff lost the said services, earnings, consortium and society of FRANK NEVADA, and was caused to expend monies in the care and treatment of the injuries so sustained by FRANK NEVADA.

22. Due to defendant's tortious and/or wrongful conduct as herein alleged, plaintiff KATHRYN NEVADA is entitled to damages in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiffs, demand judgment against the defendants in a sum exceeding

the minimal jurisdictional limits of this court, together with costs and disbursements of this action.

Dated:    New York, NY
          July 2, 2012

                                           STEPHEN R. KRAWITZ, LLC
                                           By: Stephen R. Krawitz, Esq.(SRK8770)
                                           Attorneys for Plaintiff
                                           271 Madison Avenue, Suite 200
                                           New York, NY 10016
                                           212-682-0707

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

FRANK NEVADA and KATHRYN NEVADA,

                  Plaintiffs,

       -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and DETECTIVE "JOHN"
MARRONE, "JOHN DOE" 1, 2, & 3,

                  Defendants.
-------------------------------------------------------------------------X

Docket No.:

**ATTORNEY'S CERTIFICATION**

    STEPHEN R. KRAWITZ, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am a member of the law firm of STEPHEN R. KRAWITZ, LLC., the attorneys of record for the plaintiffs.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiffs, information contained in the said plaintiffs' file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated:    New York, NY
            July 2, 2012

                                                    STEPHEN R. KRAWITZ, ESQ.

Sworn to before me on this
2nd day of July, 2012

_____
Notary Public

LISA SALZBERG
Notary Public, State of New York
No. 02SA6173182
Qualified in Richmond County
Commission Expires Aug. 20, 20 15